Robert L. Starr (183052)
robert@starrlaw.com
Adam M. Rose (210880)
adam@starrlaw.com
Theodore R. Tang (313294)
theodore@starrlaw.com
THE LAW OFFICE OF ROBERT L. STARR, APC
23901 Calabasas Road, STE #2072
Calabasas, CA 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorneys for Plaintiff
Cindy Belliveau

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY BELLIVEAU, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Cindy Belliveau hereby brings this class action on behalf of herself, and all others similarly situated, against Defendants Volkswagen Group of America, Inc. This action is based on Plaintiff's personal knowledge; on information and belief; as well as on the investigation of counsel.

## **PARTIES**

1. Plaintiff Cindy Belliveau ("Plaintiff") is a resident of Orange County, State of California, and was at all times relevant residing therein. Plaintiff is and at all times relevant was the owner of a 2012 Volkswagen Passat 2.0L TDI, VIN # 1VWBN7A38CC004907 (the "Subject Vehicle").

2. The term "Class Vehicles" shall consist of the following: (1) All vehicles

distributed by Volkswagen in the state of California where warranty coverage has not yet expired; (2) Vehicles distributed by Volkswagen in the State of California where warranty coverage was wrongfully denied due to Volkswagen failing to extend the duration of warranty coverage for each day the vehicles have been out-of-service for repairs covered under a Volkswagen warranty.

3.   Defendant Volkswagen Group of America ("VW") is a Virginia corporation with its principal place of business located in Herndon, Virginia. VW conducts substantial business in the State of California.

4.   All acts and omissions of VW's employees, agents, associates, partners, parents, or subsidiaries as alleged herein occurred while they were acting within the course and scope of their duties and VW is therefore responsible to Plaintiff and the Class under the doctrine of Respondeat Superior and/or other doctrines.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C § 1332(a).

6.   This is a civil action in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.   At least one member of the Class is a citizen of a State different from at least one Defendant within the meaning of 28 U.S.C. § 1332(d)(2)(A).

8.   The claims asserted by the putative class, when aggregated as required by 28 U.S.C. § 1332(d)(6), exceeds the sum of $5,000,000 within the meaning of 28 U.S.C. § 1332(d)(2).

9.   The number of members of all putative classes alleged herein exceeds 100 in number within the meaning of 28 U.S.C. § 1332(d)(5)(B).

10.The primary defendants are not States, State officials, or other governmental entities within the meaning of 28 U.S.C. § 1332(d)(5)(A).

11.Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the acts or omissions giving rise to this claim occurred in the Central District of

California.

12. This Court has supplemental jurisdiction over Plaintiffs' state law claims arising under statutory or common law pursuant to 28 U.S.C. § 1367 because the claims arise from a common nucleus of operative facts such that adjudication of both state and federal claims furthers the interests of judicial economy.

## FACTUAL ALLEGATIONS

13. This matter arises as a result of Defendant VW's unlawful and systematic business practice of failing to account for the time its vehicles are out-of-service for repairs when calculating the duration of its express warranties. In failing to employ the proper calculation, VW wrongfully denies repair coverage under warranty even though the warranty has not yet expired.

14. By way of example, suppose a warranty is set to expire on June 1, 2023, but a Class Vehicle has been out of service for repairs covered under a VW warranty for a total of two (2) months during the warranty period. As part of its unlawful business practice, VW will not calculate this "time out-of-service" and will instead terminate the warranty on June 1 without regard to the fact that, by operation of law, the vehicle's time out-of-service for repairs necessarily extends the warranty termination date to August 1, 2023.

15. Plaintiff was one of the many consumers injured by VW's unlawful and deceptive failure to properly calculate the applicable length of its own express warranties.

16. On October 28, 2011, Plaintiff purchased a new 2012 Volkswagen Passat 2.0L TDI, VIN # 1VWBN7A38CC004907 (the "Subject Vehicle") from Volkswagen of Garden Grove in Garden Grove, California. Plaintiff still owns the Subject Vehicle. Plaintiff's job subsequently reassigned her to Alabama.

17. In 2017, VW agreed to plead guilty and pay a 4.3-billion-dollar settlement as a result of its unlawful circumvention of emission control statutes in its production of over 550,000 vehicles sold in the United States.

18. As part of that plea and subsequent settlement, VW was required to (1) perform an emissions system recall repair to all affected vehicles, and (2) extend the warranty of all affected vehicles—including the Subject Vehicle

19. Because the Subject Vehicle was entitled to repairs under the emissions system recall, Plaintiff presented the Subject Vehicle to VW for modifications and repairs on August 6, 2018, at 93,233 miles. These modifications and repairs were completed, and a new emissions recall warranty (the "Emissions Recall Warranty") was issued. That new Emissions Recall Warranty provided, in relevant part, as follows:

> "For Volkswagen 2.0L TDI vehicles repaired by the emissions modification recall, the following warranty extension is applicable…For the following Volkswagen 2.0L TDI engine vehicles repaired by the emissions modification recall, a warranty extension is applicable [to] 2012 to 2014 MY Passat NMS with engine code CKRA…[which] shall be the greater of…4 years and 3 months or 51,000 miles, whichever occurs first, from date and mileage of the Emissions Modification, except for vehicles offered for resale, in which case, from the date and mileage of the first resale transaction after the modification to the first person who in good faith purchases the vehicle for purposes other than resale."

20. In other words, the Emissions Recall Warranty created a new warranty which would cover vehicle repairs for "4 years and 3 months, or 51,000 miles, whichever occurs first, from the date of the Emissions Modification."

21. In Plaintiff's case, she had her Emission Modification performed on August 6, 2018, at 93,233 miles. Consequently, the Emissions Recall Warranty provided Plaintiff with warranty coverage until either November 6, 2022, or upon the Subject Vehicle reaching 144,233 miles of use—whichever occurred first.

22. Unfortunately, within one week of VW performing the Emissions Modification, Plaintiff was required to bring the Subject Vehicle in for repairs at Hiley Cars Huntsville ("Hiley") in Huntsville, Alabama as a result of a broken fuel pump module. VW agreed to perform these repairs under warranty during which

time the Subject Vehicle was out-of-service for eight (8) days.

23. On June 19, 2019, at 99,741 miles, Plaintiff brought the Subject Vehicle to Volkswagen of Garden Grove ("Garden Grove") in order to have a software recall update performed. During this time, the Subject Vehicle was out-of-service for one (1) day.

24. On December 30, 2020, at 115,062 miles, Plaintiff brought the Subject Vehicle to Garden Grove due to a failed engine thermostat. The thermostat was replaced under warranty during which time the Subject Vehicle remained out-of-service for eight (8) days.

25. On May 12, 2021, at 120,094 miles, Plaintiff brought the Subject Vehicle to Garden Grove for repairs due to illumination of the "check engine" light. Repairs were performed under warranty during which time the Subject Vehicle remained out-of-service for two (2) days.

26. On July 13, 2021, at 120,306 miles, the Subject Vehicle was brought to Garden Grove due to the illumination of the "check engine" light, as well as a defective control valve for the air conditioning. During these repairs, the Subject Vehicle was out of service for seven (7) days.

27. On September 23, 2021, at 120,502 miles, the Subject Vehicle was again brought to Garden Grove—this time due to the illumination of the "check engine" light and another broken engine thermostat. While repairs were performed, the Subject Vehicle was out-of-service for fifty-nine (59) days.

28. On December 1, 2021, at 120,768 miles, the Subject Vehicle was brought to Garden Grove for repairs due to a complete engine failure. During these repairs, the Subject Vehicle was out-of-service for a total of three-hundred and seventy-three (373) days.

29. In total, during the active term of Plaintiff's Emissions Recall Warranty, the Subject Vehicle was out-of-service for repairs for a total of four-hundred and fifty-eight (458) days. As a result, Plaintiff's Emissions Recall Warranty's expiration date

should have been extended from November 6, 2022, until February 9, 2024. [*See, e.g.*, Cal. Civ. Code § 1795.6 (automatically tolling warranty period from the date on which the nonconforming goods are delivered to the manufacturer for warranty repairs, through the date the consumer is notified that repairs are completed).].

30. Notwithstanding Civ. Code § 1795.6's explicit provisions extending the expiration date of the warranty period by the number of days a vehicle is out-of-service for repair, when Plaintiff brought the Subject Vehicle in for repairs due to a defect covered under the Emissions Recall Warranty, coverage was denied because, according to VW, Plaintiff's warranty coverage had expired.

31. The reason that coverage was denied and Plaintiff was charged for said repairs was not the result of an individual oversight by VW in failing to identify the repairs as being covered under warranty. Instead, Plaintiff was denied warranty coverage because VW, in a systematic and organized attempt to increase profit, refuses to account for the time its vehicles are out-of-service for repairs when calculating the length of its express warranties. Plaintiff alleges that this failure is not unique to warranty repairs that are performed pursuant to the Emissions Recall Warranty, but instead is a systematic failure by VW to extend the duration of warranty coverage relating to any warranty repairs performed prior to a warranty's expiration. In summary, VW entirely fails to comply with its obligation to extend warranty coverage as required pursuant to Cal. Civ. Code § 1795.6

32. Pursuant to Cal. Civ. Code § 1795.6, the warranty expiration date is tolled by the number of days on which the nonconforming goods are first delivered to the manufacturer or seller for warranty repairs, through the date the consumer is notified that repairs are completed.

33. VW intentionally failed and fails to extend the warranty as required under Civ. Code § 1795.6 in order to increase profit vis-à-vis reducing the amount of money it is required to spend on warranty-related repairs.

34. If VW complied with California law and properly tolled the length of its

warranties by the number of days the Subject Vehicle was out-of-service for repairs, then Plaintiff would never have wrongfully paid out-of-pocket for repairs which were legally required to have been covered under warranty.

35. VW's failure to extend warranty coverage as required under Civ. Code § 1795.6 is not just a theoretical violation with no practical consequences. The consequences of this violation are often significant, depriving consumers of a significant duration of warranty coverage. This is true, in part, due to the long duration of the VW warranty. For example, the factory warranty for most 2018 Volkswagen vehicles is 6-years/72,000 miles. For partial zero emissions vehicles which are distributed in the state of California, the warranty for emissions-related parts extends for up to 15-years/150,000 miles. Given the long duration of these warranties, if a partial zero emissions vehicle is out of service for emissions related repairs for five (5) days every year, then over the life over the warranty, coverage would be extended pursuant to Civ. Code § 1795.6 by seventy-five (75) days—roughly two-and-a-half months. Some vehicle warranty histories will be less extensive, while some vehicle warranty histories will be much more extensive. Either way, VW's ongoing failure to properly administer its warranties has and continues to deprive consumers of their rightful and full warranty coverage. Consequently, this lawsuit is a necessary endeavor aimed at ensuring that VW properly administers its warranties in accordance with California law.

36. VW's conduct violates California's unfair business practices statute, California Business and Professions Code section 17200, et seq. (the "UCL").

37. Plaintiff and other members of the Class have suffered damage as a result of VW's wrongful conduct as alleged herein.

## ALLEGATIONS RELATED TO VW'S CLASSWIDE CONDUCT

38. Although Plaintiff's particular circumstances involved VW's violation of Civ. Code § 1795.6 within the context of the Emissions Recall Warranty, VW's refusal to account for the time that Class Vehicles are out-of-service for repairs when

-7-

calculating the length of its express warranties is a common practice which extends to all of VW's express warranties and which extends to any and all warranty repairs which cause vehicles to be out-of-service.

39. Indeed, for each new vehicle intended to be distributed by VW in the State of California, at the time of distribution, VW has purported to provide a warranty which comports with the strictures of California law—including but not limited to Civ. Code § 1795.6.

40. Notwithstanding its obligations under California law, VW has engaged in a systematic business practice where it intentionally omits the number of days Class Vehicles have been out-of-service for warranty repairs when calculating the length of its warranties.

41. Consequently, when Class Members present their VW vehicles for repair at an authorized repair facility after the date on which the warranty would have otherwise expired, VW will immediately deny warranty coverage without determining whether the warranty may actually still be in effect due to the tolling provisions of Civ. Code § 1795.6.

42. California consumers have thus been forced to pay out-of-pocket for repairs which, by operation of law, should have been paid for by VW, and California consumers have been denied the benefit of receiving a statutorily compliant warranty, both of which have resulted in damage.

43. VW engages in this misconduct in order to reduce the amount of money that it has to pay out on warranty-related repairs and warranty claims.

44. If VW had simply conformed to the strictures of California law, Plaintiff and other California consumers would never have been injured.

45. VW's systematic business practice where it intentionally fails to toll the duration of its warranties by the number of days a vehicle has been out-of-service for repairs constitutes a clear violation of the UCL and is intended to minimize the amount of money that VW has to pay out in warranty claims.

46. Plaintiff's own experience as alleged herein demonstrates that VW wrongfully fails to extend the duration of its warranties by the number of days on which the nonconforming goods are first delivered to the manufacturer or seller for warranty repairs, through the date the consumer is notified that repairs are completed.

47. By failing to administer its warranties in accordance to the strictures of California law—including Civ. Code § 1795.6—VW has violated the UCL.

48. Furthermore, VW's failure to extend the duration of its warranties in compliance with Civ. Code § 1795.6 has resulted in Plaintiff and the Class paying more for Class Vehicles than they are actually worth. More specifically, Class Members paid for vehicles that purported to provide warranty coverage in compliance with California law—specifically, Civ. Code § 1795.6. However, what Plaintiff and the Class actually received was a warranty which was not in compliance with California law.

49. VW's refusal to provide warranty coverage in compliance with California law directly resulted in VW's unjust enrichment and a tangible detriment to Plaintiff and the Class because the cost of a statutorily compliant warranty is "priced in" to the cost of the vehicle itself. The warranty thus possesses a tangible and ascertainable economic value to Plaintiff and other Class Members.

50. Plaintiff and the Class were supposed to be provided with warranty coverage in conformity with VW's California warranty obligations but were never provided such coverage. Instead, VW provided a deficient warranty which does not comply with, amongst other things, Civ. Code § 1795.6—even though VW was lawfully obligated to extend the duration of its warranties by the number of days a vehicle is out-of-service for repairs.

51. Consequently, the non-compliant warranty provides Plaintiff and other Class Members with tangibly less coverage than they paid for. Not only are they not getting what they paid for, but because VW has wrongfully refused to extend coverage for repairs which should have been covered under warranty, Plaintiff and

other Class Members have been required to incur the additional expense of paying out-of-pocket for repairs which should have been fully covered under warranty. What makes VW's conduct so egregious is that Class Members, in purchasing Class Vehicles, necessarily paid for a vehicle which included statutorily compliant warranty coverage, but what they actually got is a car without such coverage.

52. Plaintiff and other Class Members were entitled to a statutory compliant warranty, but were provided with a deficient warranty. As a result, VW has been unjustly enriched by providing a deficient warranty which reduced VW's costs, and Class Members have been damaged by not receiving the warranty that they were legally entitled to receive.

53. In fact, irrespective of whether or not a vehicle's warranty expiration was actually tolled by virtue of being out-of-service, Class Members were still sold cars which were worth less than what they actually paid for them by virtue of VW's systematic failure to tender coverage in compliance with California law—including but not limited to Civ. Code § 1795.6.

54. For this additional reason, VW's conduct violates California Business and Professions Code § 17200 *et seq*.

55. Plaintiff and the Class have suffered damage and lost money or property as a result of VW's wrongful conduct.

## INJUNCTIVE AND DECLARATORY RELIEF

56. Future injunctive relief is necessary because there is an imminent likelihood of future harm. Specifically, due to a total lack of knowledge on the part of Class Members concerning the fact that the expiration date of their express warranties is extended by the number of days their vehicles are out-of-service for repairs, it is simply not realistic to expect that Class Members will be aware of VW's wrongful conduct—either now or in the future.

57. Without an injunction to compel VW to properly keep track of the number of days a vehicle is out-of-service for repairs, and then to add those days to the total

length of the warranty, VW will continue violating the law. And, like in Plaintiff's case, VW will continue to deny coverage under warranty to consumers who, by law, still have time remaining on the warranty before it actually expires.

58. Due to VW's continuing conduct, Plaintiff is unable to rely on VW to properly extend the expiration of its warranties as required by law, and Class Members will have no way of knowing in the future whether VW is, in fact, complying with California's vehicle warranty laws. Absent injunctive relief, Plaintiff and the Class will not know whether it makes sense to spend their money in the future on another VW vehicle on account of VW's noncompliance with California law by VW refusing to properly calculate the full length of its warranties. If Plaintiff and Class Members do purchase another VW, they will have to negotiate through the same sort of warranty problems all over again, and, if Plaintiff does purchase another VW vehicle, she might reasonably but incorrectly assume that VW is complying with all the requirements of California's warranty laws when, in fact, VW is not complying with those requirements. To the extent that Plaintiff or other Class Members do not purchase another VW vehicle, it will be because, at least in part, they are unable to rely on VW to comply with the strictures of California's vehicle warranty laws.

59. Plaintiff's primary goal is to obtain injunctive relief requiring VW to comply with California's warranty laws, and declaratory relief with respect to the proper interpretation of California's statutory warranty requirements as it relates to extending warranty coverage pursuant to Cal. Civ. Code § 1795.6. The claim for monetary relief is thus secondary to the claim for injunctive or declaratory relief. Even in the absence of possible monetary recovery, Plaintiff would bring this action to obtain the injunctive and declaratory relief sought. Any monetary relief that would flow would be ancillary to the injunctive or declaratory relief obtained.

60. Therefore, Plaintiff seeks injunctive relief and/or declaratory relief that in failing to account for the days a vehicle is out-of-service for repairs when calculating the length of its express warranties, VW is violating California law and breaching its

warranties.

61. Plaintiff seeks injunctive relief requiring VW to comply with California law. This includes that VW identify and provide the proper duration of warranty coverage for those vehicles whose warranty may have otherwise expired, but by virtue of being out of service for repairs, the warranty has been extended by the number of days the vehicle has been out-of-service.

62. Plaintiff seeks declaratory judgment/relief which finds that, amongst other things, (1) VW has used, and continues to use, the wrong or incorrect standards for calculating the true length of its warranties and whether the expiration date of those warranties have been tolled; (2) VW failed and is failing to properly identify and warrant under California law those vehicles which are entitled to warranty coverage.

63. Furthermore, the harm suffered by the Class and perpetrated by VW is not adequately compensable with damages because money damages will not fix the harm caused by VW's continued, unabated violation of California warranty laws—which requires equitable relief.

64. Further, VW should not be able to shirk its legal responsibilities simply by paying damages. Simply paying off consumers undermines the entire purpose of the Song-Beverly Act—which requires that manufacturers such as VW have access to its dealers' records in order to properly discharge its duties under its express warranties. [See, *Krotin v. Porsche Cars N. Am., Inc.* (1995) 38 Cal.App.4th 294, 303].

65. Porsche, the defendant in *Krotin*, was an affiliate entity to Defendant VW. The opinion in *Krotin* made clear that the manufacturer is obliged to track the repair history of a vehicle because "a manufacturer is capable of becoming aware of every failed repair attempt. Computerized recordkeeping at dealership service departments could easily facilitate this task, even without any direct contact from the consumer to the manufacturer or any request for replacement or reimbursement to the dealership. It is thus apparent that a manufacturer need not be "clairvoyant"; it need only demonstrate more initiative in honoring warranties."

66. Similarly, VW need not be clairvoyant in tracking the days a vehicle has been out-of-service for warranty repairs, it need only demonstrate more initiative in honoring warranties. The reasoning in *Krotin* is completely applicable to the instant action.

67. Moreover, payment of damages does not ensure that VW will actually start to comply with Civ. Code § 1795.6. Such compliance can only be assured by forcing VW to start keeping accurate records of the number of days its vehicles are out-of-service for repair, as well as the corresponding number of days by which to extend the expiration date of its express warranties.

68. Plaintiff's proposed Injunctive and Declaratory Relief are the primary goals and focus of this action.

69. VW is responsible for keeping record of the number of days a vehicle is out-of-service for repair, as well as the number of days to extend the warranty's expiration date.

## CLASS ACTION ALLEGATIONS

70. Plaintiff brings this action on behalf of herself, and all others similarly situated.

71. The Class shall consists of the following: (1) All Current owners and lessees of vehicles distributed by Volkswagen in the state of California were warranty coverage has not yet expired; (2) All current and former owners and lessees of vehicles distributed by Volkswagen in the State of California who have wrongfully paid out-of-pocket for repairs due to Volkswagen's wrongful refusal to extend the duration of its warranties by the number of days that the vehicle has been out-of-service for repairs.

72. Plaintiff reserves the right to establish subclasses.

73. There is a well-defined community of interest, and the class is readily ascertainable:

///

-13-

CLASS ACTION COMPLAINT

(a)   Numerosity: The members of the class are so numerous that joinder is unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time. However, the class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable.

(b)   Plaintiff's claims are typical of the Class Members with whom she has a well-defined community of interest.

(c)   Adequacy: Plaintiff will fairly and adequately protect the interests of each class member. Plaintiff acknowledges she has an obligation to make known any relationship, conflicts, or differences with any class member. Plaintiff's attorneys are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and will continue to incur costs and attorneys' fees to prosecute the action for the benefit of each class member.

(d)   Superiority: Class action adjudication is superior to other methods, as it will achieve economies of time, effort, and expense compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire class.

69. There are common questions of law and fact as to the Class (and subclass, if any) that predominate over questions affecting only individuals, including but not limited to whether VW has engaged in fraud and unfair competition, and whether Plaintiff and Class Members are entitled to injunctive relief enjoining VW from continuing to violate Civ. Code § 1795.6.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

### **(Against VW and Doe Defendants)**

70. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

71. California Business and Professions Code § 17200 prohibits acts of unfair

-14-

competition, including any "unlawful, unfair, or fraudulent business act or practice" and "unfair, deceptive, untrue, or misleading advertising."

72. As alleged herein, VW has engaged in unlawful, fraudulent, and unfair business practices.

73. Plaintiff, the Class, and VW are all considered "persons" as that term is defined in Business and Professions Code § 17201.

74. VW violated the UCL by knowingly and intentionally omitting from its calculation of its warranty expiration date those vehicles whose warranty expiration date has been extended pursuant to Civ. Code § 1795.6. VW knew that it was obliged to follow Civ. Code § 1795.6, but actively chose to not toll the length of its warranties by the number of days the vehicle is out-of-service for repairs.

75. VW's unlawful, fraudulent, and unfair business acts and practices caused Plaintiff and the Class to pay out-of-pocket for repairs under false pretenses because these repairs should have been covered under warranty. Had Plaintiff and the Class known the truth, they would not have paid for these repairs.

76. As a direct and proximate result of VW's acts and practices in violation of the UCL, Plaintiff and the Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

**Unfair Prong**

77. An act or act or practice is "unfair" if the consumer injury is substantial; is not outweighed by any countervailing benefits to consumers or to competition; and is not an injury the consumers themselves could reasonably have avoided. An act or practice also is unfair if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. An act or practice also is unfair if the plaintiff's claims are "tethered" to specific constitutional, statutory, or regulatory provisions.

78. VW's actions constitute an "unfair" business practice because VW knowingly misrepresented to Plaintiff and the Class the true expiration dates of Class Vehicles'

express warranties.

79. VW's business practices are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are led to pay out-of-pocket for repairs which are statutorily required to be paid for by VW under the California law.

80. Additionally, conduct is "unfair" because it is tethered to a legislatively declared policy of requiring VW to extend the expiration date of its warranties by the number of days its vehicles are out-of-service for repair. [See, Cal. Civ. Code § 1795.6].

81. Specifically, despite its statutory duty under Civ. Code § 1795.6, VW failed to extend the expiration date of its warranties and further failed to provide warranty coverage to Plaintiff and other Class Members on the basis that their warranties had "expired" when, in fact, the warranties had been extended by the number of days the vehicle was out-of-service for repairs. Because the expiration date of these warranties should have been extended, VW's business practice of failing to extend the expiration of its warranties is a violation of § Civ. Code 1795.6, and VW's "unfair" conduct is thus tethered to a specific statutory provision.

82. All of the acts and practices of VW as described in this complaint constitute "unfair" business acts and practices. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims. Plaintiff and the Class have suffered injury in fact and a loss of money or property as a result of VW's unfair business acts and practices as set forth herein.

83. As a direct and proximate result of VW's acts and practices in violation of the UCL, Plaintiff and the Class have suffered damages.

84. VW's conduct does not benefit consumers or competition. Plaintiff and the Class could not have reasonably avoided the injury suffered or the injury that will be suffered. VW's conduct only benefits VW itself.

85. The gravity of the consequences of VW's conduct as described above outweighs the justification, motive, or reason therefor, is immoral, unethical, and unscrupulous, and offends established public policy that is tethered to legislatively declared policies as set forth in the laws detailed above, or is substantially injurious to the public, for the reasons set forth above.

86. VW could have and should have furthered its legitimate business interests by not refusing coverage on the basis that its warranties had expired when, in fact, the expiration date of its express warranties was extended by the number of days the vehicle had been out-of-service for repairs.

87. VW could have and should have furthered its legitimate business interests by properly extending the expiration dates of its warranties in conformance with Civ. Code § 1795.6.

88. To the extent that any definition of "unfair" requires a balancing test or weighing various factors, such an inquiry is fact intensive and requires a full factual record as to VW's justification and motives for its conduct, and as to the impact of VW's conduct on Plaintiff and the Class.

89. VW's acts of unfair competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff and the Class also seek attorneys' fees and costs.

**Deceptive Prong**

90. VW has engaged in a systematic business practice of distributing Class Vehicles  while wrongfully and actively concealing the true duration of the warranties for the Class Vehicles pursuant to Civ. Code § 1795.6, and wrongfully and actively refusing to provide proper warranty coverage for the Class Vehicles pursuant to Civ. Code § 1795.6, thus violating Civ. Code § 1795.6.

91. VW's misleading information and concealment as alleged herein was an unlawful business practice and was specifically designed to induce Plaintiff and the Class into paying for repairs under false pretenses.

92. Said conduct is likely to deceive an ordinary consumer because, as alleged herein, VW has a statutory duty to disclose those vehicles whose warranty expiration date has been extended/tolled pursuant to Civ. Code § 1795.6.

93. VW is and was under a duty to not mislead and deceive their consumers because VW is and was in a superior position to know the true state of facts, namely, the precise expiration date of each individual Class Members' express warranty. [*See, e.g., Krotin*, 38 Cal.App.4th at 303 (requiring vehicle manufacturers to have access to its dealerships' records in order to properly discharge the terms and conditions its express warranties).].

94. The facts not disclosed by VW are material. Had Plaintiff and the Class known the true facts and had VW been truthful, Plaintiff and the Class would not have been damaged to the same extent and would have been able to avoid much of the damages they now seek to recoup through this lawsuit.

95. The facts concealed are, by their very nature, material facts that a reasonable person would have considered when deciding whether or not to pay for repairs. Had Plaintiff and the Class known that their warranties were still in effect, they would not have paid for these repairs.

96. VW has, by its concealment and false statements, engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

97. VW's acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff and the Class also seek attorneys' fees and costs.

### Unlawful Prong

98. A business practice is "unlawful" under the UCL if it is forbidden by law or regulations, including the standard of professional conduct.

99. The violation of any law or regulation may serve as the predicate for a violation of the "unlawful" prong of the UCL.

100. Pursuant to Cal. Civ. Code § 1795.6, the warranty expiration date is extended by the number of days on which the nonconforming goods are first delivered to the manufacturer or seller for warranty repairs, through the date the consumer is notified that repairs are completed.

101. Notwithstanding the requirement that VW toll the expiration date of all of its Class Vehicles' warranties by the number of days the vehicle has been out-of-service for repair, VW has failed to extend the expiration dates of its warranties, and has thus acted in violation of Civ. Code § 1795.6.

102. Plaintiff is informed and believes, and based on such information and belief alleges, that this failure extends of the Class Vehicles.

103. Because VW's business practice is a violation of Civ. Code § 1795.6, VW's conduct is actionable under the "unlawful prong" of the UCL.

## JURY DEMAND

104. Plaintiff and the Class hereby demand a trial by jury on all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for judgment against Defendants as follows:

First Cause of Action

a)      For an order certifying this case as a class action, appointing Plaintiff as the representative of the Class, and appointing counsel for Plaintiff as Class Counsel

b)      That the Court declare, adjudge, and decree that VW is financially responsible for notifying all Class Members about the wrongful conduct set forth herein; that VW's conduct as alleged herein violates California Warranty laws because VW has, amongst other things, used, and continues to use, the wrong or incorrect standards for identifying the true expiration date of its warranties under California law; and/or that Plaintiff and the members of the Class are entitled to the duration of their warranty coverage being extended by the number of days their vehicles are out-of-service for repairs; and an order requiring VW to gather and keep

accurate records in order to properly identify the true expiration date of warranties for Class Vehicles and, on a going forward basis, to use the proper calculation for determining the true date on which Class Vehicles' express warranties have expired.

c)      That the Court declare, adjudge, and decree that VW is responsible for notifying all Class Members about the wrongful conduct set forth herein

d)      That the Court declare, adjudge, and decree that VW's failure to conform to the strictures of Civ. Code § 1795.6 in calculating the expiration date of its warranties constitutes an unfair and unlawful business practice in violation of California Business and Professions § 17200, *et seq.*

e)      For declaratory relief pursuant finding that VW is in violation of, and must comply with Civ. Code § 1795.6, namely that VW extend the expiration dates of its individual warranties by the number of the days the vehicles are out-of-service for repair.

f)      For an order declaring and enjoining VW from further unfair and unlawful practices and compelling VW to use the proper calculation and to properly identify the true expiration dates of its express warranties. Further, VW will provide restitution for amounts wrongfully paid by Plaintiff and Class members relating to these repairs which should have been covered by VW under warranty, as well as the amount by which consumers overpaid for the purchase or lease of their vehicle as a result of the truncated and noncompliant warranties provided to them at the time of purchase or lease.

g)      For an award to Plaintiff and the Out-of-Pocket Class Members of any repair costs they are owed.

h)      For the appointment of a receiver, as necessary, to receive, manage and distribute any and all funds from VW and determined to have been wrongfully acquired by VW as a result of violations of California Business & Professions Code § 17200, *et seq.*

i)      For an award of attorneys' fees and costs pursuant to California Code of

Civil Procedure § 1021.5

      j)     For an award of punitive damages

      k)     For an award of attorneys' fees and costs, as otherwise allowed by law

      l)     For an award of pre-judgment and post-judgment interest

      m)     For leave to amend the Complaint to conform to the evidence produced at trial; and,

      n)     For all other relief as may be appropriate under the circumstances.


Date: July 5, 2023          **LAW OFFICE OF ROBERT L. STARR**


               /s/ Robert L. Starr

               Robert L. Starr
               *Attorney for Plaintiff*
               Cindy Belliveau